REINHARDT, Circuit Judge
dissenting:
I have no doubt that the district judge unlawfully interfered in the plea negotiation process when he stated in Herrera-Chiang’s presence, inter alia, that Herrera-Chiang may not “see the light of day” and that the plea bargain represented “a realistic opportunity for him to not spend the rest of his life incarcerated.” In United States v. Davila, the Supreme Court acknowledged that the timing of a plea matters when determining whether such an error was prejudicial. — U.S. -, 133 S.Ct. 2139, 2149, 186 L.Ed.2d 139 (2013) (“Had Davila’s guilty plea followed soon after the Magistrate Judge told Davi-la that pleading guilty might be ‘the best advice’ a lawyer could give him ... the error would likely qualify as prejudicial.”). Here, Herrera-Chiang changed his plea only four days after the status conference at, which the district judge made his final impermissible remarks. In my view, it is not possible to conclude without an eviden-tiary record that Herrera-Chiang did so for reasons other than the district court’s improper interference in the plea bargaining process. Under the circumstances, I would either remand for a hearing on the question or remand for resentencing.
I respectfully dissent.